# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

MAGED M. ABDALLA,　　　　　　　　　Case No. 11-14237-RGM
　　　　　　　　　　　　　　　　　　　(Chapter 7)
　　　　Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion to declare a memorandum of lien filed by a homeowners' association to be void as a violation of the automatic stay because it was filed 20 days after the petition was filed in this case.

The debtor filed this case on June 7, 2011. Clifton Station Homeowners Association filed a Memorandum of Lien for Unpaid Association Assessments on June 27, 2011 for an annual assessment and a trash collection fee due on March 15, 2010. The total amount claimed due is $1,334.84. The lien was claimed pursuant to §55-516 of the Code of Virginia (1950).

Section 362(a)(4) prohibits any party from creating or perfecting any lien against property of the estate after a petition in bankruptcy is filed. However, §362(b)(3) provides that the filing of a petition does not operate as a stay under §362(a) of any act to perfect a lien to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b). Section 546(b)(1) provides that the rights and the powers of a trustee to avoid liens under §544, 545, and 549 are subject to any generally applicable law that permits perfection of a lien against a bona fide purchaser for value after the bona fide purchaser for value acquires the property. The association is acting under §55-516 of the Code of Virginia. This section provides that an association may obtain a lien for unpaid assessments by filing a memorandum of lien in the

clerk's office of the circuit court for the city or county in which the land is situate. Va. Code §55-516(A). Whatever protection and priority §55-516 provides, the memorandum must be filed "before the expiration of 12 months from the time such assessment became due and payable". Code of Virginia (1950) §55-516(B). In this case, the memorandum of lien states that the assessment became due on March 15, 2010. The lien was filed on June 27, 2011, more than 12 months later. The memorandum of lien does not comply with Va. Code (1950) §55-516 and does not fall under the provisions of §362(b)(3). It was filed in violation of the automatic stay and is void.

    Alexandria, Virginia
    September 14, 2012

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

Copy electronically to:

David C. Jones, Jr.
Tori Danielle Bramble
Janet M. Meiburger

Copy mailed to:

Clifton Station Homeowners Association
R/A William D. McGill
10855 Jennifer Marie Place
Fairfax Station, Virginia 22039

17994